# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL JOSEPH BLOOR,<br><br>    Plaintiff,<br><br>vs.<br><br>E.K. MCDANIEL et al.,<br><br>    Defendants. | 3:15-cv-00610-RCJ-VPC<br><br>**ORDER** |

Plaintiff Daniel Bloor is a prisoner in the custody of the Nevada Department of Corrections. He has sued several Defendants under 42 U.S.C. § 1983 for violating his due process rights by deducting funds from his inmate trust account to pay restitution to another inmate, allegedly in violation of a plea agreement under which he would be required to pay only his own medical expenses.

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"

*Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5).  Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741.  The Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Recently the Supreme Court ruled that a court may not consider "special circumstances" or apply any other judge-made exception to the statutory exhaustion requirement; so long as the administrative remedy is "available," the inmate must utilize it, otherwise a court must dismiss. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  However, if the affirmative defense of non-exhaustion appears on the face of the complaint, a defendant need not provide evidence showing non-exhaustion. *Id.* at 215; *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense does not appear on the face of the pleading sought to be dismissed, it cannot be determined until (at least) the summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

Here, the affirmative defense of non-exhaustion appears on the face of the Complaint. Plaintiff affirmatively alleges he never attempted to file a second-level grievance; his excuse is that he has not received any response to his first-level grievance (presumably the time to respond under the applicable regulation has run) and therefore does not expect a second-level grievance to be well received. (*See* Compl. 4, 8, ECF No. 1-1).  But a second-level grievance is "available" to Plaintiff.  Even assuming the time for a response to the first-level grievance has run, at a

minimum Plaintiff must file a second-level grievance and wait for the time for a response to run before he may file a complaint and allege that he has exhausted all available remedies.

## CONCLUSION

IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 1) is DENIED as moot, and the case is DISMISSED without prejudice for non-exhaustion of administrative remedies.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 5th day of July, 2016.

_____
ROBERT C. JONES
United States District Judge